*Gordon E. Cole*, for respondents.

---

## EDWARD P. H. THOMPSON *vs.* FRANKLIN E. FOSTER.

### Feb. 6, 1875.

**Redemption from Foreclosure Sale under Act of 1860.**—Section 1, ch. 87, Laws 1860, authorizes a mortgagor, or a person claiming through or under him as an assignee, to redeem from a foreclosure sale, not only within three years from the day of sale, but within three years after notice thereof filed in the office of the register of deeds.

**Same—Tender made to Sheriff.**—The sheriff was a proper person to whom to make tender of redemption money in such case, both under § 5, ch. 19, Laws 1862, and under § 32, ch. 81, Gen. Stat.

**Same.**—The allegations of the complaint in this case, as to title and tender, considered and upheld.

Action to redeem from a foreclosure sale, the facts stated in the complaint being substantially as follows: On May 27, 1857, one Holtz mortgaged to defendant certain land in Hennepin county, described in the complaint. On December 10, 1859, an action was brought to foreclose the mortgage, and on July 9, 1861, judgment was entered, adjudging the amount due, and directing a sale at public auction by a referee, etc. The sale took place February 11, 1863, defendant becoming the purchaser. No report or order of confirmation of the sale was ever made, but on February 11, 1863, the referee executed and delivered to the defendant, as purchaser, a deed of the land sold, which deed was filed for record and recorded in the office of the register of deeds of the county on January 27, 1866. Except by the filing and recording of this deed, no notice, or other evidence or memorandum of the sale was ever filed in the register's office.

On July 8, 1868, Holtz, desiring to redeem from the sale,

presented to the sheriff of the county proper proof of his ownership of the land sold, with an affidavit stating the foregoing facts, and tendered him the amount of defendant's bid at the sale, with seven per cent. interest, and the proper fees, and demanded a certificate of redemption; but the sheriff refused to receive the money, or issue the certificate. Before the tender and demand were made, defendant knew that they would be made, and immediately thereafter he had notice thereof, and of the sheriff's refusal. From the time of sale to the commencement of this action, defendant was a non-resident, and long before the expiration of three years from the sale, Holtz had, by writing to defendant offering to pay the amount of his bid with interest, and by making the same offer personally to one Bowman, professing to be defendant's agent, endeavored to pay defendant the amount due upon a redemption from the sale; but he could get no answer from defendant, and Bowman refused to act in the matter.

The complaint then sets out the chain of conveyances by which the plaintiff acquired the title of Holtz, (the date of each deed and of the record thereof being left blank,) and alleges that plaintiff, Holtz, and the intermediate grantors of Holtz, have always been ready to pay the amount tendered, that plaintiff is still ready and willing to do so, and that he now brings the same into court, and offers to pay the same, and whatever further sum the court may order.

Judgment is demanded that defendant be adjudged to accept the amount tendered, as and for full redemption from the sale, and to execute and deliver to plaintiff a conveyance of the land; or that, upon payment to or deposit for the defendant of said sum, the mortgage be declared fully satisfied, and the land redeemed therefrom and from the sale, and the referee's deed be set aside as a cloud on plaintiff's title, and for general relief.

A general demurrer to the complaint was overruled by the district court for Hennepin county, *Vanderburgh*, J., presiding, and the defendant appealed.

*L. M. Stewart*, for appellant.

*J. M. Shaw*, for respondent.

BERRY, J.    Section 1, ch. 87, Laws 1860, reads as follows : " That any real estate hereafter to be sold · * * * upon the foreclosure by advertisement, or otherwise, of a mortgage, * * * shall be held by the party purchasing the same subject to the right of the * * mortgagor, or any one claiming through or under him, * * * to redeem the same, at any time within three years from the day of such sale * * * .   Other creditors of the * * mortgagor may, at any time within three years after such sale, redeem such premises, upon the same terms as the * * mortgagor * * * .   *Provided* that the original debtor, his heirs or assigns, shall have the period of three years for the redemption upon each and every such sale, foreclosure, * * * advance or redemption, after the same shall have been made, and notice thereof filed in the office of the register of deeds in the county where such real estate shall be situated."

In our opinion, this section, read as a whole, authorizes a mortgagor, or a person claiming through or under him as an assignee, to redeem *from a foreclosure sale*, not only within three years from the day of sale, but within three years after notice thereof filed in the office of the register of deeds.   While, as must be admitted, the section is inartificially drawn, no other construction would give any reasonable effect to the words " sale, foreclosure," in the proviso.   The punctuation by which the proviso would appear to be separated from the first sentence of the section, is of little or no importance, when it is considered how and by whom it is in fact done.   See *Pancost* v. *Ruffin*, 1 Ohio, 386.   This disposes of what we understand to be the principal question in the case.

2.   The mortgage involved in this case was executed by Holtz as mortgagor to defendant as mortgagee.   On July 8, 1868, Holtz, (then owner of the mortgaged premises, subject to defendant's rights,) in order to effect a redemption from the sale, tendered to the then sheriff the amount required for that purpose.   The sheriff was a proper person

21

to whom to make such tender, both under § 5, ch. 19, Laws 1862,—the statute in force when the foreclosure sale was made in 1863,—and under § 32, ch. 81, Gen. Stat., which was in force when the tender was made.

3. The complaint alleges, though without giving the date of the transfer, that Holtz conveyed the mortgaged premises by warranty deed to Hillman, and that Hillman conveyed the same to the plaintiff, who " has ever since been and still is the lawful owner in fee simple of the same." This is certainly an allegation of title in plaintiff. If it be indefinite, because the blanks appearing in the complaint are not filled with the proper dates, or for any other reason, the statute points out a remedy, of which defendant has not seen fit to avail himself.

4. The complaint states that Holtz, Hillman and the plaintiff " have always since the making of the tender aforesaid, been ready and willing to pay said sum of money, so tendered as aforesaid, to the said defendant, and said plaintiff still is ready and willing so to do, and now brings the same into court for that purpose, and hereby offers to pay the same."

If it be necessary to keep the tender good, a question which we need not determine, we agree with the court below that the foregoing allegations are sufficient in this behalf. *Wilder* v. *Seelye*, 8 Barb. 408.

Order overruling demurrer affirmed.