Reinhart vs. Oconto County.

---

REINHART, Respondent, vs. OCONTO COUNTY, Appellant.

*September 6 — September 20, 1887.*

TAX CERTIFICATES: *Recovery of money paid for void certificates.*

1. Certificates of the sale of lands for taxes made by and bid in for Oconto county, which severally describe the lands as "Lot 6, Block 5, Millidge's addition;" — the "North ½ of Lot 16, Block 1,

Reinhart vs. Oconto County.

Brunquest's addition;" — "Lot 1, Block —, Oconto city;" —" Lot 16, Block —, Hart's addition;" though in themselves not describing the lots with sufficient certainty, are yet capable of being made certain by reference to the laws under which the sales took place, and to the plats on record, and the facts and circumstances surrounding the sale, and are therefore valid.

2. The facts that the sales were made to Oconto county, which has no right to bid off lands not within that county; that there were on record in the register's office of that county plats of additions to the village and to the city of Oconto, of the names inserted in such certificates, and only one of each, by which the lots were known and described in the tax proceedings; and that in the years when they were assessed and sold, the lots were in the city of Oconto, and that in the city proper, and in Hart's and some other additions, there were no blocks, but the numbering was by lots only, are sufficient to cure the uncertainties in the descriptions, and make them valid; and one who purchased the certificates from the county cannot recover back the money paid therefor.

APPEAL from the Circuit Court for *Oconto* County.

The case sufficiently appears in the opinion.

*G. G. Greene*, for the appellant, to the point that the certificates were valid, and therefore the money paid for them could not be recovered back, cited numerous cases, which are referred to in the opinion. The case having been decided upon this point, others need not be noticed.

For the respondent the case was submitted upon the brief of *Webster & Wheeler*. Among other things, they contended that the certificates were fatally defective, because they failed to give the name of the city or village where the lots were situate; and extrinsic evidence was not admissible to explain them. *Campbell v. Packard*, 61 Wis. 88; *Meade v. Gilfoyle*, 64 Wis. 18. The right to recover back the money paid was absolute when the sale or the certificate was discovered to be invalid. Sec. 1184, R. S.; *Barden v. Supervisors*, 33 Wis. 445; *Marsh v. Supervisors*, 42 id. 355; *Norton v. Supervisors*, 13 id. 614.

ORTON, J. This was a claim originally presented to the board of supervisors of *Oconto* county by the plaintiff, under

sec. 1184, R. S., which reads as follows: "If, after the sale or conveyance of any land sold for the nonpayment of taxes, and within the time hereinafter prescribed, it shall be discovered that the sale, *or the certificate issued thereon,* was invalid, the county board shall make an order briefly stating the reason therefor, directing that the money paid for such certificate on the sale, and all subsequent charges thereon, and all subsequent taxes paid on the lands described therein, by the purchaser or his assigns, be refunded, with interest at the rate of seven per cent. per annum, to such purchaser or his assigns, on the delivering of the certificate or deed to be canceled," etc. The claim was, so far as this appeal is concerned, made by the plaintiff as assignee of *Oconto* county, of certificates represented by four of them alike in form, as hereinafter described, on the ground that said certificates were invalid, because of uncertainty of the description of the lands sold, and that his moneys, etc., be refunded. This claim was disallowed, and on appeal to the circuit court the plaintiff recovered, on the ground that said certificates were invalid for said reason. This is the only question on this appeal.

The certificates are as follows in form: "I, George Reyer, county treasurer of the county of Oconto, in said state, do hereby certify that I did, at public auction, pursuant to notice given as by law required, on this eleventh day of May, A. D. 1880, sell to Oconto county the lands *herein described,* for the sum of 13 dollars and 5 cents, said sum being the amount due and unpaid for taxes, interest, and charges on said lands for the year of Our Lord one thousand eight hundred and eighty. That said Oconto county, or assigns, will therefore be entitled to a deed of conveyance of said lands, in three years from this date, unless sooner redeemed from such sale according to law. Said lands are described as follows, with the sum for which each tract was sold set opposite to each description," that is to say: "Lot 6, block 5,

Milledge's addition, sold for 13 dollars and 5 cents." The second certificate has the description, "North $\frac{1}{2}$ of lot 16, block 1, Brunquest's addition." The third, "Lot 1, block —, Oconto city." The fourth, "Lot 16, block —, Hart's addition."

The defects in these descriptions of the land are apparent. Do they render the certificates void? Sec. 1047, R. S., provides that in tax certificates " any description of lands which shall indicate the lands intended, with ordinary and reasonable certainty, and which would be sufficient between grantor and grantee in an ordinary conveyance, shall be sufficient." This statute places these certificates on the same footing, as to description of the premises, of other conveyances, and, of course, subject to the maxim, *certum est quod certum reddi potest*, " that is certain which may be made certain;" and they will be tested by the numerous decisions of this court in respect to descriptions in deeds or conveyances. Contemporaneous facts and circumstances, the subject-matter, parol evidence of the nature and qualities of the subject to which the instruments refer, proof of the identity of the subject-matter, and anything connected with the instrument, or accompanying it, or referred to in it, such as dates, places, or persons, or parol evidence to explain the accepted meaning of terms or how they were commonly understood, may be resorted to, to make the description perfect or understood. These rules are sanctioned by the authorities of this and other courts. *Meade v. Gilfoyle*, 64 Wis. 18; *Murphy v. Hall*, 68 Wis. 202; *Lyman v. Babcock*, 40 Wis. 511; *Ganson v. Madigan*, 15 Wis. 144; *Morgan v. Burrows*, 45 Wis. 211; *Prentiss v. Brewer*, 17 Wis. 636; *Atwater v. Schenck*, 9 Wis. 160; *Whitney v. Gunderson*, 31 Wis. 359; *McMillan v. Wehle*, 55 Wis. 685; *Hall v. Davis*, 36 N. H. 569; *Bybee v. Hageman*, 66 Ill. 519; *Clark v. Powers*, 45 Ill. 283; *Mead v. Parker*, 115 Mass. 413; *Billings v. Kankakee Coal Co.* 67 Ill. 489; *Beal v.*

*Blair*, 33 Iowa, 318. These few references, among thousands which might be made, are sufficient to show the latitude of the above rules. The case of *Campbell v. Packard*, 61 Wis. 88, was decided under the above statute. But the defects in description of the certificates were the same throughout the tax proceedings, and there was no parol evi-dence that such was the commonly-known description, and there was no notice to the owner that his land had been assessed or sold.

Now, what evidence have we here to aid this description? The certificate states that the land was sold, pursuant to notice, to Oconto county, on a certain day, for the amount stated. Oconto county had no right to bid off lands not within the county. It is stated, also, that the sums were due for the taxes of a certain year. Here are references which might well call the attention of the holder of the certificates to matters of record which would go far towards removing the ambiguity. But this is not all. The following facts were stipulated by the parties. " (2) All of said tax certificates are included in one or the other forms of the copies marked, ' A, B, C, D,' except the names to the additions. The names of the additions given in the other certificates, besides, those in said copies, are as follows, to wit: Eliza H. Hart's, Union, Turner's, Washburn's, Knapp's, Lucy M. Palmer's, and Jane Jones'. (3) That there was on record at the time the lands described in said tax certificates were assessed, and for many years had been so recorded in the office of the register of deeds of Oconto county, certain plats entitled as follows, to wit: Eliza Hart's addition to the village of Oconto, Union addition to the village of Oconto, Turner's addition to the village of Oconto, Lucy M. Palmer's addition to the village of Oconto, Brunquest's addition to the village of Oconto, Hart's addition to the village of Oconto, Milledge's addition to the village of Oconto, Knapp's addition to Oconto, Washburn's ad-

dition to Oconto, Jane Jones' addition to Oconto city. (4) That there was but one plat of the same title recorded in said office; that said additions were well and generally known and are commonly called by the names, Eliza Hart's addition, Union addition, etc., the same as given in said tax certificates; and the omission of part of the title in said tax certificates *created no ambiguity.* (5) That in the assessment rolls, tax rolls, and the treasurer's notices of sale, it will appear that the lands described in said tax certificates, in the years when the lands were assessed and sold, were in the city of Oconto; that in Hart's addition, Turner's addition, and Oconto city the lots are only numbered, there being no blocks." Now, it would seem that a sufficiently full description could be supplied by references to these record sources of information. In all the tax proceedings there is no uncertainty of description, except in these certificates. These stipulations are full and comprehensive, and it would almost seem that they were made to cure these uncertainties of description in the certificates as they certainly do. We think the certificates are valid, and constitute no claim for refunding the moneys paid.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to render judgment in favor of the defendant.