JOHN J. QUINN *vs.* PETER B. CHAMPAGNE.

April 27, 1888.

**Vendor and Purchaser—Statute of Frauds—Description of Property.**
A written memorandum of an agreement for the sale of the "N. W. ¼ of sec. 1, Tp. 49, R. 15," without other description of the property, except that the defendant who signed the same was therein designated as the "owner," *held* sufficient under the statute of frauds, it appearing that the land in controversy (the N. W. ¼ of section 1, township 49, range 15 west of the fourth principal meridian, being in the county of St. Louis) was in fact owned by the defendant, who is a resident of this state, where also the agreement appears, upon its face, to have been made, and there being no proof that he owned any other land to which this description was applicable.

**Public Lands—U. S. Surveys—Judicial Notice.**—Judicial notice will be taken of the general system of governmental surveys of the lands in this state, and hence that there is and can be only one tract within this state to which the description in question is applicable.

Appeal by plaintiff from a judgment of the district court for St. Louis county, where the action was tried by *Stearns,* J.

*White, Shannon & Reynolds,* for appellant.

*S. L. Smith,* for respondent.

DICKINSON, J.[1] This action is to compel a specific performance of an alleged contract for the sale of the northwest quarter of section 1, in township 49 north, of range 15 west, in the county of St. Louis in this state. The principal question presented upon this appeal relates to the sufficiency of the written memorandum of the contract as respects the description of the property. This instrument is as follows:

[1]Mitchell, J., not being in court, did not take part in this decision.

"DULUTH, MINN., Dec. 20, 1886.

"Rec'd of John J. Quinn one hundred dollars, being part purchase price of the N. W. ¼ of sec. 1, Tp. 49, range 15. Price of same, $5,000 cash, according to terms of refusal. Said owner to satisfy mortgage to John Gunty in full and in cash, and give clear warranty deed in five days if possible. PETER B. CHAMPAGNE,

"Pr. C. H. FOSTER, Agent."

This instrument appears upon its face to have been made in this state, and it was admitted, in the pleadings, that the defendant, who resides here, owned the land in controversy. The court, deeming the description in the memorandum to be insufficient under the statute of frauds, decided the cause in favor of the defendant.

We are of the opinion that the memorandum, read in the light of the facts shown, and of facts of which we will take judicial notice, was sufficient. It will be seen that the writing, upon its face, designates the defendant as the owner of the property referred to, (for the words, "said owner," evidently refer to him, the party agreeing to sell, and not to the party purchasing,) so that the legal effect is as though the property had been described as the "northwest quarter of section 1, township 49, range 15, owned by me." *Hurley* v. *Brown*, 98 Mass. 545; *Scanlan* v. *Geddes*, 112 Mass. 15. We should take judicial notice of the general system of governmental surveys, in accordance with which the lands in this state have been surveyed, and almost universally described in legislation and in conveyances. *Atwater* v. *Schenck*, 9 Wis. 160. We therefore take notice of the fact that there is and can be but one township 49, range 15, in this state, that being west of the fourth principal meridian. Thus the description in the memorandum is applicable to and designates the land in controversy, unless the fact that the terms of description, (excepting that of the defendant's ownership,) may be equally applicable to lands in other states, makes it so ambiguous and uncertain that it is insufficient under the statute. We think that the facts that the written agreement was made in this state by a resident thereof, designating the premises by a description which is strictly applicable to a particular tract of land, (and to no other,) in this state, and that the party executing the

memorandum of the agreement to sell was the owner of that tract, are sufficient to identify the land described in the memorandum as the land in controversy, although the description is wanting in express reference to the county or state where the land is situated. *Atwater* v. *Schenck, supra; Russell* v. *Sweezey,* 22 Mich. 235; *Beal* v. *Blair,* 33 Iowa, 318; *Butler* v. *Davis,* 5 Neb. 521; *Harding* v. *Strong,* 42 Ill. 148, (89 Am. Dec. 415;) *Hurley* v. *Brown,* 98 Mass. 545. See, also, *Clark* v. *Powers,* 45 Ill. 283, and cases cited. Such facts as those to which we have referred may be shown and considered, for the purpose of identifying the subject-matter of the memorandum or agreement as it is therein described; and the memorandum is sufficient if, when read in the light of such circumstances, the subject-matter is therein clearly designated. Authorities above cited; also *Romans* v. *Langevin,* 34 Minn. 312, (25 N. W. Rep. 638;) *Mead* v. *Parker,* 115 Mass. 413; Pom. Cont. 152. Although there may be lands in other states to which the terms, "township 49, range 15," would be applicable for description, it is not to be presumed that this defendant was the owner of such land; and, in the absence of such a presumption or of proof, this is not a case of a patent ambiguity in the memorandum before us.

Judgment reversed, with directions to enter judgment for the plaintiff.