## SMITH *v.* GREEN *et al.*

(*Circuit Court, D. Minnesota.* November 14, 1889.)

1. MORTGAGES—DESCRIPTION OF PROPERTY.
    Where a mortgage shows that the parties reside in the state, and describes the land according to the United States government survey and legal subdivisions, but does not state the county and state where the land is situated, it will be presumed to be in the state mentioned, and the mortgage may be foreclosed by advertisement.

2. SAME—FORECLOSURE UNDER POWER—AMENDMENT OF LAW.
    Sale and redemption under a power in the mortgage are governed by the law in force when the mortgage was executed, and are not affected by a subsequent act extending the time of redemption, or making the time of redemption run from the filing of a notice of the sale in the registry of deeds.

In Equity. On complaint to set aside deed.
*John B. & W. H. Sanborn,* for complainant.
*W. E. Hale,* for defendants.

NELSON, J. Suit is brought to set aside a quitclaim deed, executed and delivered by the complainant, J. Allison Smith, to John Green *et al.,* June 15, 1886, on the ground of fraudulent representations, (which complainant believed were true and relied upon,) made by said Green and the other defendants acting for him and on his behalf. The land conveyed is described as lot No. 4 of the S. W. ¼ of section 28, township 29, range 24, located and situated in Hennepin county, in the state of Minnesota. Testimony is taken in regard to the alleged fraud, but, in the view taken, the conclusion of law, entitling the defendants to a decree dismissing the bill, upon the stipulation that the following facts are true, renders it unnecessary to consider that question. The determination of the suit rests upon the validity of a foreclosure by advertisement of a mortgage, and the questions presented are: (1) Is an instrument in the form of a mortgage, which describes the land accurately, according to the survey of the government of the United States, and from that description it appears the land is located in Hennepin county, in the territory (now state) of Minnesota, but not so declared in the instrument, such a mortgage as can be foreclosed by advertisement and sold according to the laws of the territory (now state) of Minnesota, and by such sale does a legal title become vested in the purchaser? (2) Has such mortgage been duly and legally foreclosed, so as to bar the equity of redemption, and vest a title before the execution and delivery of the quitclaim deed from Smith to Green?

The following are the facts: On April 22, 1857, John Green, one of the defendants, was the owner in fee of the following land: Lot No. 4 of the S. W. ¼ of section 28, township 29, range 24, according to the survey of the United States government, and containing 67.25 acres, located in the county of Hennepin and territory (now state) of Minnesota. On that day Green sold and conveyed the land to Snyder, McFarlane, and Cook, taking a mortgage on the land as security for the deferred payment of $2,914.10, part of the purchase money. This mortgage failed

to name the county and territory (now state) in which the land is situated, but otherwise accurately describes the land according to the government survey, and recites the facts that the mortgagor and mortgagees are residents of Hennepin county and territory (now state) of Minnesota, and that the acknowledgment was taken before a notary of said territory, (now state,) and the mortgage deed recorded in said county and territory. The mortgage was recorded on May 1, 1857, of the same year. It contained a power of sale authorizing foreclosure and sale at public auction, according to the statute in such case made and provided. The grantor and grantees were all citizens and residents of the state of Minnesota. On April 15, 1858, Cook sold and conveyed his interest in the land to Snyder and McFarlane, and 'the deed for the same was recorded June 25, 1858. On July 23, 1858, Snyder and McFarlane sold and conveyed, by warranty deed, the said property to J. Allison Smith, of the state of Illinois, "subject to a mortgage in favor of John Green." There was no other mortgage to Green but the one hereinbefore described. The acknowledgments of all the hereinbefore described instruments were taken before a notary public of the state of Minnesota. On January 16, 1861, the purchase money remaining unpaid, which was secured by the mortgage, Green proceeded to foreclose it, and caused to be printed and published a notice of said foreclosure sale, as appears by the affidavit of the printer, and under said foreclosure proceedings the property was sold at public auction to said Green, he being the highest bidder, and a certificate to which was attached a true copy of the notice of foreclosure was given the purchaser by the sheriff of Hennepin county, who made the sale, and said certificate contained a statement that the sheriff made the sale of the land described in the mortgage under mortgage foreclosure, by virtue of the power therein. A duplicate of this certificate was on March 4, 1861, within 10 days from the time of the sale, filed by the sheriff in the office of the register of deeds where the mortgage was recorded, and on February 25, 1862, it was recorded. On April 12, 1862, an affidavit of publication of the notice of sale, and an affidavit of the sheriff of the fact of said sale, were also recorded. Also on April 12, 1862, no redemption being made from such sale, the sheriff made and executed and delivered a deed of said land to Green, the purchaser, which was duly recorded January 10, 1863. Green subsequently, in 1875, sold to one Cowles the land, the latter giving a mortgage thereon for part of the purchase money, which mortgage was foreclosed on failure of Cowles to pay, and bid in by Green, who, by virtue of the expiration of the time for redemption in 1880, having received a sheriff's certificate which was duly recorded, became the owner of the title conveyed to Cowles.

### CONCLUSIONS OF LAW.

A court takes judicial notice of the government surveys and legal subdivisions, and when land is so conveyed, though the county and state are not named, yet, if the parties reside in the state, the court will presume the land is situated there. The land is described with sufficient certainty, and the mortgage could be foreclosed by advertisement. *Bur-*

*ton* v. *Ferguson*, 69 Ind. 486; *Prieger* v. *Insurance Co.*, 6 Wis. 89; *Russell* v. *Sweezey*, 22 Mich. 235; *Bybee* v. *Hageman*, 66 Ill. 519; *Quinn* v. *Champagne*, 38 Minn. 322, 37 N. W. Rep. 451.

2. The ordinary rule applies that the sale and right of redemption under the power given in the mortgage contract is governed by the law in force at the time the mortgage is made, and not at the time of the foreclosure, and so all the rights of the parties after such foreclosure sale must be determined. No notice of sale under a foreclosure by advertisement, by virtue of the power contained in the mortgage, was required to be filed in the office of the register of deeds by law to bar redemption, when this mortgage was made. See Comp. St. Minn. 646. The power itself or the statute did not require it; only a published notice was necessary, and when that was made it is all that any one interested in the land was entitled to. Where personal service upon the mortgagor and others of the notice of sale is required by law, or constructive notice by filing a copy of the published notice in the office of the register of deeds, a sale without such notice does not bar redemption; but if the statutory provisions in force at the time the mortgage is made, including those relating to notice of the sale or the conduct of it, are strictly followed, it is all that is necessary. This law, not the court, fixes and establishes the conditions and extent of the power, and the rights which pass to a purchaser when the power is executed. No subsequent law can impose additional burdens upon such rights, and require something else to be done after sale than was necessary or contemplated. The law in force when this mortgage was made fixed the time of redemption from sales made under foreclosure by advertisement "to twelve months after such sale." Id. p. 645, § 11. The act of July 29, 1858, provided "that the original debtor, his heirs or assigns, shall have the period of one year for the redemption, upon each and every sale foreclosure, * * * after the same shall have been made, and notice thereof filed in the office of the register of deeds in the county where such real estate shall be situated;" and the act of 1860, amending the act of 1858, extends the time of redemption to three years after sale and notice thereof, as aforesaid. To apply either of these acts to the foreclosure and sale by advertisement of this mortgage would annex a condition to the power of sale which did not exist, and in so doing a court would be making a contract for the parties, instead of enforcing the one made by themselves. 2 Jones, Mortg. (4th Ed.) § 1821, to and including section 1827; *Hillebert* v. *Porter*, 28 Minn. 499, 11 N. W. Rep. 84; *Carroll* v. *Rossiter*, 10 Minn. 174, (Gil. 141.) The time for redemption certainly expired when the deed executed April 12, 1862, in pursuance of section 12, p. 645, Comp. St. Minn., was recorded. Smith's right of redemption was then barred, and he had no interest in the property at the time the quitclaim deed from him was obtained. *Thompson* v. *Foster*, 21 Minn. 319, cited by complainant's counsel, relates to foreclosures by action, and has no application to the facts in this case. Decree will be entered dismissing the bill of complaint.