Ritchie, Respondent, vs. Catlin and another, Appellants.

*September 11 — October 17, 1893.*

*Deed: Extrinsic evidence to aid description: Plat.*

In ejectment the complaint described the land as lots 194, 196, and 198, West Sixth street, in the city of Superior, and upon the town site of Superior as said town site has been surveyed and platted and the plat thereof recorded. A tax deed, dated in 1866, upon which plaintiff's title rested, purported to convey "West Sixth street, lots 194, 196, 198, in the town of Superior." *Held*, that although judicial notice could be taken of the fact that the territory of the town

is now embraced in the city, yet the description in the deed did not, by itself, show that it referred to the land in suit. That description could, however, be aided by extrinsic evidence.

APPEAL from the Circuit Court for *Douglas* County.

Ejectment to recover three lots in the city of Superior. The complaint describes the property as situated in Douglas county, and " known as lots 194, 196, and 198 West Sixth street, in the city of Superior, and upon the town site of Superior as the said town site of Superior has been surveyed and platted and the plat thereof recorded in the office of the register of deeds for said Douglas county." The plaintiff's title rested on a tax deed from Douglas county, dated December 3, 1866, and duly recorded on the same day. It was admitted on the trial that the land in question was vacant from the time of the recording of the tax deed until July, 1891, when defendants took possession. It was also admitted on the trial that the original owner of the lots in question did not pay any taxes thereon for more than four years next preceding the recording of the tax deed, and that the grantee in the tax deed paid all taxes on the lands since the recording of the tax deed, and for more t.x n three years thereafter, and that the title of said grantee has been duly conveyed to the plaintiff.

The tax deed was introduced in evidence, against the objection that it was not fair on its face and did not describe the lands described in the complaint. It is not deemed necessary to insert the deed in full. The description contained in the deed is as follows:

" The following described pieces or parcels of land lying and being in the county of Douglas, state of Wisconsin, to wit:

West Sixth street, lots 194; total amount, $10.56,
                   196;               $10.56,
                   198;               $10.56,

— in the town of Superior."

The action was tried without jury, and the court, after finding, among other things, the facts above set forth, substantially found that the tax deed was fair on its face; also as follows: " that the lots in question were in the town of Superior at the time of the assessment of said taxes and at the time of said tax sale; and, as indicated by the description, were tracts of land in a platted town site in said town of Superior, which has since been included within and forms a part of the territory within the city of Superior. There being no proof that any other descriptions of land designated as 'lots 194, 196, 198, West Sixth street' existed in said town of Superior at the time of the assessment of taxes and the tax sale upon which said tax deed was based, the presumption arises, and I find the fact to be, that the lands described in the complaint and the lands described in said tax deed are identical, and that the description, as contained in said tax deed, is definite and unambiguous. That the various statutes of limitation of this state applicable to this case to bar any claim of the original owner to the premises in question as against the plaintiff's title under said tax deed, were properly pleaded by plaintiff, and he insisted upon the trial that all claims on the part of the defendants as against his title under said tax deed are barred by the statutes of limitations of this state, applicable to the subject."

As conclusions of law the court found that the deed was not void for uncertainty, but was valid; that the statutes of limitations are a complete bar to defendants' claim of title, and that plaintiff is the owner in fee of the lands described in the complaint. From judgment on the finding, defendants appeal.

For the appellants there was a brief by *Catlin & Butler* and *Carl C. Pope*, and oral argument by *Mr. Pope*.

*H. N. Setzer*, for the respondent.

WINSLOW, J.   We entirely agree with the circuit judge in his conclusion that the plaintiff's tax deed is fair on its face, and we shall spend no time discussing this question.

There is another question in the case, however, upon which we think the circuit judge erred.   The land sued for is described in the complaint as lots 194, 196, and 198, West Sixth street, in the city of Superior, *and upon the town site of Superior as the said town site has been surveyed and platted* and the plat thereof recorded.   The tax deed upon which plaintiff's title is founded describes the property as certain lots in the county of Douglas, to wit, " West Sixth street lots 194, 196, and 198, in the town of Superior." Doubtless the court was right in taking judicial notice of the fact that the territory of the town of Superior is now included within the limits of the city of Superior, but even then it cannot be said, looking at the language of the deed alone, that the lots named are on the town site of Superior as surveyed, platted, and recorded, or in fact that there was such a town site in existence.   The land cannot be located by the description in the deed alone. Can the deed be aided by extrinsic evidence?   We think that it can.   By its reference to a street, and to numbered lots upon such street, we think there is a clear reference to some recorded plat; and, such being the case, we think the description could be aided by extrinsic proof, as in *Reinhart v. Oconto Co.* 69 Wis. 352.   If it was shown by evidence that there was in 1866 a recorded plat within the then limits of the town of Superior containing lots answering to the description in the deed, and no other recorded plat within such limits containing lots answering to the calls of the deed, we think that this evidence would render it certain that the description in the deed referred to such lots.   But there was no evidence of the kind.   The court presumed these facts, because there was no evidence

to the contrary.   This was reversing the rules of evidence.
The plaintiff must recover, if at all, on the strength of
his own title.   Extrinsic evidence being absolutely neces-
sary to show that the descriptions in the deed referred to
the lots for which he sues, the plaintiff must introduce such
evidence in making his case.

This view necessitates reversal.   No other points require
attention.

*By the Court.*— Judgment reversed, and action remanded
for a new trial.