EDWARD C. BAUMANN v. GRANITE SAVINGS BANK & TRUST COMPANY.[1]

November 11, 1896.

Nos. 10,423—(293).

**Judicial Notice—Situation of City.**
 Courts of this state may take judicial notice that the city of Duluth is situate in the county of St. Louis, and state of Minnesota.

**Mortgage—Foreclosure by Advertisement—Notice of Sale.**
 An advertisement giving notice of a mortgage sale under a power contained in the mortgage is sufficient although the mortgaged premises sold are described in it no more particularly than as being the premises described

[1] Reported in 68 N. W. 1074.

in and covered by said mortgage, to wit: "Lot ninety-eight (98) and the westerly thirty-five (35) feet of lot one hundred (100), on East Fifth street, in Duluth Proper, First Division, according to the recorded plat thereof, and fractional lot number three (3), and the westerly ten (10) feet of fractional lot number four (4), in block one hundred and eight (108), in Portland Division of Duluth, according to the recorded plat thereof,"—provided the plat is duly recorded.

Action in the district court for St. Louis county, praying for a decree adjudging a mortgage foreclosure sale and the sheriff's certificate issued thereon to be null and void, and for cancellation of the certificate. From a judgment in favor of plaintiff, entered in pursuance of the order of Ensign, J., defendant appealed. Reversed.

*Edson & Hanks*, for appellant.

*H. Oldenburg*, for respondent.

BUCK, J. This is an appeal from a judgment entered upon an order of the trial court granting a motion for judgment on the pleadings in favor of the plaintiff and against the defendant on the ground that the mortgage foreclosure sale mentioned and set forth in the complaint was void because the published notice under which the sale was made was defective, and presumptively prejudicial to the mortgagor, for the reason that it omitted to state the name of the county and state where the property was situate. This was the only question considered and decided by the trial court. The description of the premises in the mortgage is as follows:

"That tract or parcel of land lying and being in the county of St. Louis, and state of Minnesota, and described as follows, to wit: Lot ninety-eight (98), and the westerly thirty-five (35) feet of lot one hundred (100), on East Fifth street, in Duluth Proper, First Division, according to the recorded plat thereof; and fractional lot number three (3), and the westerly ten (10) feet of fractional lot number four (4), in block one hundred and eight (108), in Portland Division of Duluth, according to the recorded plat thereof."

The mortgage was recorded in the office of the register of deeds in and for the county of St. Louis, Minnesota, on October 2, A. D. 1890, at 8 o'clock a. m., in Book K of Mortgages, on page 313, which facts were recited in the notice of foreclosure sale. All of the other essentials necessary to state in a notice of a mortgage foreclosure sale were sufficiently set forth therein. The portion challenged for insufficiency is as follows:

"The said mortgage will be foreclosed by a sale of the premises described in and covered by said mortgage, to wit: Lot ninety-eight (98) and the westerly thirty-five (35) feet of lot one hundred (100), on East Fifth street, in Duluth Proper, First Division, according to the recorded plat thereof, and fractional lot number three (3), and the westerly ten (10) feet of fractional lot number four (4), in block one hundred and eight (108), in Portland Division of Duluth, according to the recorded plat thereof, * * * which sale will be made by the sheriff of said St. Louis County at the front door of the court-house in the City of Duluth, in said County and State, on the 18th day of February, 1895, at 10 o'clock in the forenoon of said day."

In the plaintiff's complaint it is alleged that the premises described in the mortgage are situate in the county of St. Louis, and state of Minnesota, and the premises in the notice of mortgage foreclosure sale are identical with the description in the mortgage, except the name of the county and state are not therein specifically stated in the notice. But it appears, as above stated, that the notice described the premises to be sold as those described in and covered by said mortgage, which was recorded in the office of the register of deeds of St. Louis county, Minnesota. The premises are described as being in Duluth, and a division thereof, according to the recorded plat thereof.

Courts will take judicial notice of the charter or incorporating act of a municipal corporation when it becomes such by a legislative enactment. 1 Dillon, Mun. Corp. (4th Ed.) § 83. This, of course, means that the courts have authority to refer to the contents of such charters for information when they are public or general in their nature. Referring to the charter of the city of Duluth, we find that said city is situate in the county of St. Louis, and state of Minnesota, and that the premises composing said city are specifically designated by sections, townships, and ranges. It was held in Quinn v. Champagne, 38 Minn. 322, 37 N. W. 451, that the courts of this state take judicial notice of our general system of governmental surveys, and where our sections, townships, and ranges are located. Courts also take judicial notice of the territorial extent of the jurisdiction and sovereignty of their own government, and of the local divisions of their country into states, counties, cities, and towns, and of their local divisions. 1 Greenl. Ev. § 6. Thus we see that the courts of this state may take judicial

notice that the city of Duluth is situate in the county of St. Louis, and state of Minnesota.

In the case of Smitha v. Flournoy's Adm'r, 47 Ala. 345, it was held that the probate court might judicially take notice that Eufaula was an incorporated city in the county of Barbour, in that state, and consequently that lots situate in said city of Eufaula were in the county of Barbour, in the state of Alabama. Such facts as we have referred to may be considered for the purpose of identifying the description of the land in the notice of foreclosure sale, if any were necessary. See Quinn v. Champagne, supra. See, also, Richardson v. Farwell, 49 Minn. 210, 51 N. W. 915; Reimer v. Newel, 47 Minn. 237, 49 N. W. 865; Sperry v. Goodwin, 44 Minn. 207, 46 N. W. 328. In the case of Fitzpatrick v. Fitzpatrick, 6 R. I. 64, there was a notice of mortgage foreclosure sale in these words: "A lot of land, with the buildings and improvements thereon, situated in the northerly part of the city of Providence, being the lot of land numbered ten on the plat of land of Samuel Whelden, surveyed and platted by H. F. Walling, July 7, 1845;" and this description was held sufficient, it being agreed that the plat was recorded.

We do not think that there is any good reason to doubt the sufficiency of the description in the case at bar. Such a notice would call together purchasers, and the omission of the words "county" or "state" would not render the notice less effective, as they would well understand that the premises to be sold were those described in the mortgage.

Judgment reversed.