E. V. LEWIS v. C. L. SEIBLES.

1. TAX DEED. *Description of land. Ambiguity. Case in judgment.*

A description of land in a tax collector's deed by township, range, section and sub-division of section, without giving the State or county, is not ambiguous, because (as is judicially known) it is only applicable to land in the county in which the grantor was tax collector, it not appearing

that such description is applicable to several tracts of land within that county.

2. SAME.  *Defect in description of land supplied by presumption.*

And the want of State and county in such description may be supplied by the presumption of performance of official duty by the tax collector, who can only sell, legally, land assessed and delinquent for taxes in the county of which he is tax collector.

3. TAX TITLE.  *Ejectment.  Three years' statute of limitation.  Section 539, Code of 1880, construed.*

Section 539, Code of 1880, provides that "Actual occupation for three years, after one year from the day of sale, of any land held under a conveyance by a tax collector, in pursuance of a sale for taxes, shall bar any suit to recover such land or assail such title because of any defect in the sale of such land for taxes, or in any precedent step to said sale," etc.  In an action of ejectment based upon a tax collector's deed executed in 1875, it is not admissible for the defendant to invoke Section 539, Code of 1880, by showing three years' adverse possession since 1880, under a tax collector's conveyance executed in 1872, because such section is not applicable. The plaintiff's assertion of title is not an assailment of that set up by the defendant, and the establishment of the defendant's title does not assail that by which the plaintiff claims.

APPEAL from the Circuit Court of Lincoln County.

HON. J. B. CHRISMAN, Judge.

Cornelia L. Seibles brought this action of ejectment against E. V. Lewis to recover possession of a certain tract of land in Lincoln County, on Dec. 10, 1885.

On the trial in the court below the plaintiff introduced a tax collector's deed in the statutory form, of date, Feb. 1, 1875, which purports to convey the land in dispute to her.  The part of this deed necessary to be set out is as follows :

"THE STATE OF MISSISSIPPI, LINCOLN COUNTY.

I, A. O. Cox, Tax Collector of Lincoln County, have this day, according to law, sold the following lands, there being no other property found on which to levy and make the taxes due on said lands, to wit: E. $\frac{1}{2}$ of S. E. $\frac{1}{4}$, Sec. 4. T. 5, R. 2. East."

The deed contained no other or further description of the land.  Upon this deed the plaintiff rested ; and thereupon the defendant moved the Court to exclude the evidence of plaintiff,

because of the description of the land in the deed being defective.

This motion was overruled.

The defendant offered in evidence (1) a deed of date Jan. 25, 1873, in which S. C. Weathersby purports to convey the land in dispute to Hiller & Levy; (2) a deed of date March 8, 1881, in which Hiller & Levy purport to convey this land to defendant; (3) a deed of date June 9, 1873, in which the Circuit Clerk of Lincoln County purports to convey the land in dispute to S. C. Weathersby, by virtue of the acts of 1872, and amendments thereto made in 1873, in relation to lands forfeited to the State for taxes. In connection with these deeds the defendant offered to show that he had been in adverse possession of this land more than three years since the Code of 1880 went into effect. On motion these deeds and this evidence were excluded. The defendant also offered in evidence a list of lands sold to the state in 1872, which list embraced the land in dispute. This list was excluded.

There was judgment for the plaintiff, and the defendant appealed.

*H. Cassedy*, for the appellant.

1. The deed failing to show that the lands were situated in Lincoln County, was within and by itself insufficient to warrant a recovery in ejectment as expressly held in *Hanna* v. *Renfro et al*, 32 Miss., p. 125.

The form of a tax collector's deed and its character as evidence was the same when the case of *Hanna* v. *Renfro* occurred, as when the deed now under consideration was made. Both under Hutchinson's Code and the Code of 1871, the form of the deed is given in which a blank ("Here describe the land or other property"), ("Here describe the land") is left for a description of the property, and in both the deed is made *prima facie* evidence that the collectors complied with the law. Hutchinson's Code, page 190–191; Code of 1871, Sec. 1700, pp. 355–356.

A tax collector's deed is no better as a muniment of title than the deed of any other competent to convey, and it is just as essential that a correct description be given as in any other deed.

2. The evidence offered, the tax deed of the Circuit Clerk to Weathersby, made in June, 1873, the oral evidence that appellant had been in the actual occupation of the land mentioned in such deed, and under that deed since the adoption of the Code of 1880, constituted a complete defence and should have been admitted.

Section 539, Code 1880.

Three years' actual occupation by the express words of the Statute " shall *bar any suit* to recover such land." That appellee held under a tax title acquired subsequent to the one under which appellant held can work no exception in her favor. Her title was mature when the Code of 1880 went into effect, and the land being then adversely held by appellant under a former tax deed the Statute began to run as to her.

*R. H. Thompson*, for the appellee.

1. The motion to exclude the tax deed from evidence, because of assumption by the defendant that the deed fails to show in what county the land lies, was properly overruled. 1. The deed is in exact conformity to the statutory tax collector's deed prescribed in Section 1700 of the Code of 1871. *Bell* v. *Gordon*, 55 Miss., p. 45. Note the words in the deed, " according to law." In the second place, we say that the officer is authorized to sell lands for taxes only when the land lies in his county. Every presumption is that he would not undertake to sell lands lying outside of his county ; and the deed, according to every fair construction, is evidence that the land was and is in the county of Lincoln. It is made *prima facie* evidence of the fact by the statute. Is not the presumption that an officer does his duty evidence in this case? I answer, 3d. That the court judicially knows that the E. half of S. E. quarter, Sec. 4, Township 5, Range 6, East, is situated in Lincoln County.

2. The other exception made by the defendant in the court below is predicated upon the ruling of the court in refusing to permit the introduction in evidence of a list of lands sold to the State for taxes in January, 1872. This list did not tend to overthrow the *prima facie* case made by plaintiff's deed. The two are perfectly harmonious and consistent; the list proposed in evidence was nothing more than *prima facie* evidence that the

title passed to the State in January, 1872; the plaintiff's deed was *prima facie* evidence of the condition of the title in Februruary, 1885, and they are harmonious; and the correctness of the ruling is illustrated in this very case by the offer to introduce in evidence the deed made by Stewart, the Circuit clerk, to Weathersby, on June 9th, 1873. Had the list been in evidence, and the deed from Stewart, the matter would have stood just as it did with both of them excluded; and so I may say that the deed from Weathersby to Hiller and Levy, and the deed from those persons to the defendant in no manner affected the plaintiff's case made by her tax title. Had all these deeds been in evidence, the conclusion of the court necessarily would have been the same as it was with them excluded, and this illustrates the propriety of their rejection.

It cannot be claimed that the plaintiff's action was barred, since ten years had not elapsed from the date of the maturity of her tax title until the filing of her declaration. Her tax title matured, putting it strongest against her, on the first of February, 1876; her action was begun December 10, 1885.

Nor can it be claimed that the three years' statute of limitation, applicable to holding under a tax title, was intended to defeat a tax title made after the one which is sought to be protected by that statute.

CAMPBELL, J., delivered the opinion of the Court.

In *Hanna* v. *Renfro*, 32 Miss. 125, it was decided that a tax collector's deed which designated the section, township and range, but not the County or State in which the land lay was not void for uncertainty of description, and it was said in the opinion in that case that "it was but a latent ambiguity which was susceptible of explanation." In our view such a deed does not present any ambiguity at all. There is no other land to which it could be applied than the particular section in the county in which the grantor was tax collector. The deed is a nullity as to land out of the county, and it is not suggested that in the county there are several parcels of land to which the description in the deed can be applied. Since there are not several tracts of land to which the description in the deed could apply,

there is not a latent ambiguity.  Besides this, the tax collector is confined to the county in selling land.  He cannot sell land in any county except that for which he is collector.  He can sell only such land as has been assessed and is delinquent.  The assessment roll is required to contain only lands in the county. The presumption of the performance of official duty by the officers charged with the assessment and collection of taxes should be indulged, and is sufficient to supply the county and State when omitted from a tax collector's deed.

The deeds offered in evidence by the defendant in connection with a proposal to show actual occupation under them for three years after the Code of 1880 became operative were properly excluded.   The purpose of this offer was to invoke §539 of the Code.   But it had no application.   The plaintiff did not seek to recover the land or assail the title of which the defendant sought to avail, because of any defect in the sale for taxes or in any precedent step to such sale.   The plaintiff claimed to have acquired the very title which the defendant invoked.   To show that title to be good did not help the defendant or harm the plaintiff who had acquired it by subsequent proceedings.

*Affirmed.*