No. 15,895.

THE NATIONAL BANK OF BATTLE CRÈEK, MICHIGAN, *v.* LOCK.

BILL OF EXCEPTIONS.—*Averments in Evidence.*—A statement in a bill of exceptions that certain testimony was offered in evidence does not make the testimony a part of the record, and is not equivalent to the averment that such testimony was given.

JUDGMENT.—*Defendant Entitled to on General Denial.*—Where there was no evidence introduced entitling the plaintiff to recover, the defendant is entitled to a finding and judgment on the issue joined by his answer in general denial, and it matters not whether the evidence supports his affirmative answers or not.

From the Jasper Circuit Court.

*S. P. Thompson,* for appellant.

*E. P. Hammond, W. B. Austin* and *A. H. Hopkins,* for appellee.

OLDS, J.—This is an action brought by the appellant upon a note executed by the appellee to Nichols, Shepard & Company for $300.00 dated July 1st, 1888, due on or before December 25, 1888, payable at the Exchange Bank in Remington, Ind., and for foreclosure of a chattel mortgage securing the same, alleging a sale and transfer of the note by the payee to the appellant by indorsement. The note was given for machinery. Issues were joined by an answer in general denial, and by affirmative answers, raising questions as to breach of contract in the sale, and

alleging defects in the machinery. There was a trial and finding and judgment for the appellee.

A motion for new trial was filed by the appellant and overruled, and exceptions reserved. The discussion of counsel for the appellant relates to the sufficiency of the evidence to support the affirmative answers of the appellee. The point is made by counsel for the appellee that there was no evidence introduced by the appellant, entitling it to a judgment; that the record does not show that either the note, mortgage or indorsement,or assignment of either, was put in evidence, and the point seems to be well taken. The record shows that the appellant offered in evidence the note sued upon, and that it also offered in evidence the mortgage and a separate written assignment of the mortgage and note, but the record does not show that either was admitted or introduced in evidence. The record is silent as to whether they or either were admitted or received in evidence, or whether they were ruled out and excluded by the court. The record simply shows that such instruments in writing were offered in evidence. The complaint alleges a transfer of the note by the payee to the appellant by indorsement. No indorsement is even offered in evidence. There is a material difference between offering, and the introduction of evidence. The record must show what evidence was admitted, thereby showing upon what evidence the cause was tried.

The record not showing that any evidence was introduced, entitling the appellant to a finding and judgment, the appellee was entitled to a finding and judgment on the issue joined by his answer of general denial, and it is immaterial whether the evidence supported his affirmative answers or not. *Fellenzer* v. *Van Valzah*, 95 Ind. 128. In *Peck* v. *Louisville, etc., R. W. Co.*, 101 Ind. 366, it is held that " A statement in a bill of exceptions that certain testimony was offered does not make that testimony a part of the record, and is not equivalent to the statement

that such testimony was given; " and this is all the record shows in this case. To the same effect is the decision in *Lyon* v. *Davis*, 111 Ind. 384.

There is no error in the record.

Judgment affirmed with costs.

