Filed Oct. 31, 1894.

No. 16,990.

SHEDD v. DISNEY ET AL.

QUIETING TITLE.—*Necessary Party.—Judgment.*—The holder of a tax sale certificate is not a necessary party to a suit by one claiming under a prior tax deed to quiet title as against the original owners of the land and a decree quieting title in such suit is not void as to him because he is not made a party.

SAME.—*Transfer of Land Pending Suit.—Effect of.*—Where, pending suit to quiet title to real estate, a part of the land is transferred by the plaintiff, the cause may, under section 271, R. S. 1881, proceed to final judgment in the name of the plaintiff, in the same manner as if there had been no transfer.

TAX SALE.—*Nonresident Bidder.—Must Comply with Statute Relating to.* —*Illegal Sale.*—A sale of land by a county treasurer to a person not a resident of this State for delinquent taxes, unless such nonresident, before bidding, shall have filed a written agreement consenting to the jurisdiction of the circuit court of the county and an appointment of a citizen of the county, as his agent, upon whom service of process may be had in any suit connected with the sale, as provided in section 8603, R. S. 1894, is illegal.

JUDGMENT.—*Order Subsequent to Final Judgment.—Review of on Appeal.* —*Withdrawal of Deposit to Secure Costs.*—An order made after the rendition of the judgment from which the appeal is taken, and

which does not affect the judgment, such as an order allowing a party to withdraw from the clerk money deposited as security for costs, is not available on appeal.

From the Porter Circuit Court.

*W. E. Pinney*, for appellant.
*A. D. Bartholomew*, for appellees.

COFFEY, J.—This action was commenced in the Porter Circuit Court by the appellee Disney against the appellant, Shedd, and others, to quiet title to the land described in the complaint.

Shedd, in addition to filing an answer consisting of the general denial, filed a cross-complaint in which he sought, amongst other relief, to quiet title in himself to the same land. A trial of the cause by the court resulted in a special finding of the facts proven on the trial with the court's conclusions of law thereon, upon which a decree was entered in favor of the appellee Disney.

The assignment of error calls in question the correctness of the court's conclusions of law on the facts found.

The facts in the cause necessary to a decision of the questions discussed by counsel are as follows: Both the appellant, Shedd, and the appellee Disney, claim title to the land in dispute under John Peters and Edwin Hoxie, who acquired it as tenants in common by patents from the State of Indiana. On the 12th day of February, 1878, James G. Smith purchased the land at a tax sale made to satisfy delinquent taxes, and, on the 19th day of February, 1880, he received a tax deed from the auditor of Porter county. He subsequently transferred his interest to Frank H. Morrical, who instituted suit in the Porter Circuit Court to quiet the title, but the court found that the deed to Smith was insufficient to convey the title, and he thereupon took a decree to sell the land

for the payment of the amount found due him. The land was sold on this decree and bid in by Morrical, but the description in both the decree and·order of sale was erroneous.

On the 1st day of August, 1883, Morrical conveyed the land, by warranty deed, to J. S. McKinney and E. S. Bean, and, on the 25th day of December thereafter, Mc-Kinney conveyed the undivided half of it to Bean. On the 28th day of April, 1891, Emma S. Bean instituted suit, in the Porter Circuit Court, against Peters and Hoxie and others to quiet her title, in which she was successful, and the court entered a decree quieting her title to the land as against them and their heirs. The court also appointed a commissioner to execute a deed conveying to her the title of Peters and Hoxie, which was done. On the 25th day of September, 1891, Bean conveyed the land to the appellee Robert S. Disney by warranty deed, who platted the same as town lots, and has sold and conveyed a large number of such lots to purchasers.

On the 11th day of February, 1889, the appellant, Charles B. Shedd, purchased this land at tax sale for the sum of $6.81½, and, on the 25th day of June, 1891, he received a tax deed from the auditor of Porter county. On the 15th day of May, 1890, he paid taxes on the land to the amount of $2.62.

Prior to the commencement of this action, Emma S. Bean tendered to the appellant $17 in redemption from his purchase at tax sale, which was a sum in excess of the amount due him if she was entitled to redeem. The tender was kept good by bringing the money into court for the use of the appellant. All of the parties to this controversy are now, and always have been, nonresidents of the State of Indiana.

The appellant did not file the agreement required by

section 8603, R. S. 1894, but, without such agreement, the treasurer received his bid and struck off and sold the land to him.

It will be seen, from an examination of the above statement of facts, that the appellee Robert S. Disney makes a perfect chain of title from the State of Indiana to himself. Prior to the action by Mrs. Bean against Peters and Hoxie to quiet title, her title would seem to have been imperfect, unless the tax sale to Smith was valid, but by that action she obtained the evidence of the fact that she held the then title. Neither Peters nor Hoxie can assert any claim to this land as against Mrs. Bean while the decree in her favor against them remains in force.

The appellant claims that this decree is void as to him because he was not made a party to that suit, but we do not think he was a necessary party. At the time that suit was instituted, he had not yet received a tax deed, but if he had, that suit involved a controversy between Mrs. Bean on one side, and Peters and Hoxie on the other, in which the appellant had no interest. The case, in its legal aspect, is not different from what it would have been, had Peters and Hoxie executed a conveyance to Mrs. Bean instead of permitting her to take a decree quieting title.

This brings us to the question as to whether the appellant, by his purchase at a tax sale, acquired a title to this land and thereby divested the title of the appellee.

It has been repeatedly held in this State that whoever asserts a title through a tax deed, takes upon himself the burden of showing that every step required by law to be taken from the listing of the land for taxation to the delivery of the deed, has been regularly taken. *Gavin* v. *Shuman*, 23 Ind. 32; *Ellis* v. *Kenyon*, 25 Ind. 134;

*Steeple* v. *Downing*, 60 Ind. 478; *Kraus* v. *Montgomery*, 114 Ind. 103; *Bowen* v. *Swander*, 121 Ind. 164.

It is contended by the appellant, however, that the rule established by the above cases is abrogated by section 6480, R. S. 1881, which provides that a tax deed shall be *prima facie* evidence of the regularity of the sale of the premises described in the deed, and of the regularity of all prior proceedings, and *prima facie* evidence of a good and valid title in the grantee in such deed.

We deem it unnecessary to inquire, in this case, whether the appellant is right or wrong in this contention, for, assuming, without deciding, that he is right, the *prima facie* case made by his deed is destroyed by the special finding of facts.

Section 8603, revision of 1894, provides that no bid shall be received from any person not a resident of the State of Indiana, until such person shall file with the treasurer an agreement, in writing, consenting to the jurisdiction of the circuit court of the county in which such sale shall be made, and also filing with such treasurer an appointment of some citizen of the county, as agent of the purchaser, and consenting that service of process on such agent shall give such court jurisdiction to try and determine any suit growing out of or connected with such sale for taxes.

The sale by the treasurer of Porter county to the appellant was made in total disregard of this statute. If the treasurer could not legally accept a bid from the appellant, by reason of his being a nonresident of the State, it seems plain that he could not legally sell him the land.

It is further contended by the appellant that the appellee was not entitled to a decree quieting his title because he had parted with his interest in the land before the decree was entered.

This contention can not be maintained because section

271, R. S. 1881, expressly provides that in case of the transfer of the subject-matter of the action pending suit, the cause may proceed to final judgment in the name of the plaintiff, in the same manner as if there had been no transfer. The decree was entered with reference to the conditions as they existed at the time of the commencement of this suit.

Finally, it is contended by the appellant that the circuit court erred in permitting the appellee to withdraw money deposited with the clerk as security for costs. This, however, occurred after the rendition of the decree from which this appeal is prosecuted, and does not, in any manner, affect the judgment. Furthermore, no action was taken by the appellant, or objection made in the court below, and there is, therefore, nothing for us to review.

There is no error in the record for which the decree of the circuit court should be reversed, and the same is, therefore, affirmed.

Filed Nov. 13, 1894.