No. 17,014.

MATTOX v. STEVENS ET AL.

TAX TITLE.—*Steps Necessary to Perfect.—Burden of Proof.*—The person who asserts title to land through a tax sale and deed has the burden to show that every step required by law to be taken, from the listing of the land for taxation to the delivery of the deed, has been regularly taken.

SAME.—*Liability of Heir of Mortgaged Land for Taxes.*—An heir of land whose ancestor has mortgaged land must protect the mortgagee against the taxes assessed on such land prior to the ancestor's death, to the extent of his inheritance from such ancestor.

SPECIAL FINDING.—*Indefinite.—Conclusion of Law.*—Where the special finding affords no means of passing upon the court's conclusion of of law, the office of special finding has failed, and the case on appeal will be reversed.

From the Vigo Circuit Court.

*S. B. Davis, J. C. Robinson, G. M. Davis, S. M. Reynolds, H. C. Royse* and *G. M. Walker*, for appellant.
*B. E. Rhoads* and *E. F. Williams*, for appellees.

HACKNEY, J.—The appellant sued the appellees to foreclose a mortgage of certain lands in Vigo county, executed by Clemuel Stevens and wife. No issue is presented as to any of the appellees excepting Edward Stevens and P. P. Mast & Co. The theory of the complaint was that appellees held, the said Edward as an heir, and P. P. Mast & Co. from an heir, of the mortgagor. The cause was tried and special findings made upon the issues of answers and cross-complaints, the theory of which was that said two appellees held, under a tax title upon delinquencies, and sale therefor against the mortgagor's remote grantor existing at the time of the execution of the mortgage. The finding upon this issue was that taxes for the years 1878, 1879 and previous years had become delinquent, and that in 1880 the land was

forfeited to the State for the want of bidders at a sale to satisfy said taxes, and that the same was sold by the county auditor at private sale to one Locke, under whom the appellees claim title.

The only finding as to the steps taken to create the lien and enforce the same is as follows:   "That before the sale was consummated all the antecedent steps required by law to be taken by the county auditor and treasurer, and other officers, had been performed by said officers."

The answers and paragraphs of cross-complaint upon which this finding is based are as general and indefinite as the finding.   The pleadings and the finding are attacked as not disclosing a valid title under the alleged tax sale.   The rule is thoroughly settled in this State that the party who asserts a title through a tax sale and deed takes upon himself the burden of showing that every step required by law to be taken, from the listing of the land for taxation to the delivery of the deed, has been regularly taken.   *Shedd* v. *Disney*, 140 Ind. 240; *Bowen* v. *Swander*, 121 Ind. 164; *Kraus* v. *Montgomery*, 114 Ind. 103; *Millikan* v. *Patterson*, 91 Ind. 515; *Steeple* v. *Downing*, 60 Ind. 478; *Ellis* v. *Kenyon*, 25 Ind. 134; *Gavin* v. *Shuman*, 23 Ind. 32.

The court's finding, above quoted, is a conclusion of law not supported by any fact found.   We are, therefore, afforded no means of passing upon the correctness of that conclusion, and the office of the special finding has failed.   The importance of the tax title will be observed when it is seen that if it is invalid, and the land fell to the heirs of Clemuel Stevens, subject to the mortgage, they would be required to protect the mortgagee against the taxes to the extent of their inheritance from said Clemuel.

The judgment is reversed, with instructions to sustain

appellant's demurrers to the various answers and cross-complaints setting up said tax title, and a new trial is ordered.

Filed Jan. 8, 1895.