CLOZELLE LADNIER *v.* JOSEPH LADNIER.

DEEDS. *Description. Ambiguity. Omission of state and county.*

A deed that describes land by section, township and range is not void for uncertainty because it does not disclose the state and county in which the land is situated, since the latent ambiguity arising out of extrinsic facts may be removed by evidence of the same character.

FROM the circuit court of Harrison county.

HON. T. A. WOOD, Judge.

Ejectment by Joseph Ladnier against Clozelle Ladnier for the northwest quarter of the northeast quarter and the northeast quarter of the northwest quarter of section 1, in township 6, range 13, in Harrison county, Mississippi. Plaintiff relied upon a deed from Albert Harrien and Lucinda Harrien, his wife, dated February 24, 1896, bearing the caption, "State of Mississippi, Harrison County," and describing the lands as "N. W. ¼ of N. E., N. E. ¼ of N. W., section 1, township 6,

range 13." Defendant relied upon a deed, dated March 3, 1896, having the same caption, and referring to the land conveyed as being "in said county and state," and describing the same further as "northeast quarter of northwest quarter and northwest quarter of northeast quarter in section 1, in township 6 south, range 13 west." Both deeds purported to rest upon a consideration of one hundred dollars. The testimony shows that the two forty-acre tracts sued for were the land that plaintiff intended to buy, and his grantors intended to convey to him. At the time of the conveyance to defendant plaintiff's deed had not been recorded, but there was evidence tending to show that defendant knew of its existence, and the jury were instructed as to the effect of such knowledge, if ascertained by them as a fact. Verdict and judgment for plaintiff, and defendant appealed.

*W. G. Evans, Jr.*, and *J. M. Shivers*, for appellant.

Construing the deed to Joseph Ladnier in the most liberal manner so as to give effect, if possible, to the intention of the parties, we arrive at the following conclusions: 1. That the description of land does not and cannot apply to any lands, either in Harrison county or in any other county in the state of Mississippi, all lands in said county being described as being south of ranges west of St. Stephen's meridian. There is absolutely nothing in said instrument to show where the lands described are situated. True, the caption of the deed contains the words, " State of Mississippi, County of Harrison," but the caption in this case has nothing to do with the body of the instrument, simply showing *locus in quo* the instrument was executed. We say nothing of the other manifest deficiencies in the body of the instrument, but confine ourselves to the indisputable fact that the lands attempted to be conveyed by said pretended deed could not be located by any surveyor unless aided by parol evidence. Something must be added before it can be determined which of several things be meant. The ambiguity is patent, and cannot

be aided by parol evidence (*Haughton* v. *Sartor*, 71 Miss., 357, overruling *Foute* v. *Fairman*, 48 Miss., 536), and the court below erred, both in admitting parol evidence in the attempt to aid and make certain the patent ambiguity in said writing.

*Mayes & Harris*, for the appellees.

Was the deed to Joseph Ladnier void because the land was described as "N. W. ¼ of N. E., N. E. ¼ of N. W., section 1, township 6, range 13?" The deed was not void because it omitted to state the county and state in which the lands lay. *Hanna* v. *Renfro*, 32 Miss., 125; *Peacher* v. *Strauss*, 47 Miss., 353.

Was the deed void because the expression "¼" was omitted after the letters "N. E." and "N. W.," respectively? Those letters are manifestly, and by general custom, universally understood, employed as contractions, in order to indicate the survey descriptions of lands by the government subdivisions. "N." means "north;" "S." means "south;" "W." means "west," and "E." means "east." This is common knowledge. Also, the combinations of those letters mean things equally well known. "N. E." means "northeast," and "N. W." means "northwest." And those combinations, as applied to land descriptions by subdivisions of sections, cannot mean anything else but "northeast ¼" and "northwest ¼," respectively. The omission of the character "¼" in that connection does not, in fact, raise any doubt as to what the writer meant to insert; and therefore the deed is not void. There is no other subdivision of a section to which those letters could be applied. They cannot be used to designate a half-section, nor an eighty, which is a half of a fourth, nor a forty, which is a quarter of a fourth. *Bowres* v. *Chambers*, 53 Miss., 259; *Bowers* v. *Andrews*, 52 Miss., 596.

Neither does the omission of the word "and," which properly belongs between the two expressions "N. E." and "N. W. ¼," invalidate the deed. It is manifest what is the word

omitted. In fact, the whole description is merely elliptical, and the ellipsis is more embarrassing to the eye than it is to the ear.

*E. M. Barber*, on same side.

The caption of the deed to plaintiff is as follows: "State of Mississippi, Harrison County." In the case of *Hanna* v. *Renfro* 32 Mississippi, 125, this court said that the failure to mention in the deed the county or state in which the lands lay was no ground of objection to the introduction of the deed as evidence. It was but a latent ambiguity, which was susceptible of explanation. The caption of the deed is sufficient to indicate the county and state in which the land is located; and, further, the evidence shows that the land lay in Harrison county, in the state of Mississippi.

*T. V. Noland*, on same side.

It is settled in this state that the omission of county and state is a latent ambiguity that may be explained by parol testimony, as was done in this case. 32 Miss., 353; 47 Miss., 125; 51 Miss., 191.

Argued orally by *Edward Mayes*, for appellee.

WOODS, C. J., delivered the opinion of the court.

Whether the appellant had actual notice of appellee's purchase of the lands in controversy prior to his, appellant's, purchase of them was a question of fact for the jury, and the jury has found that appellant had such notice. That finding is abundantly supported by evidence, and we cannot disturb it.

Was appellee's deed from Harrien void because of the omission to name the county and state in which the lands were situate? State and county boundaries were not considered in the making of governmental surveys of the public lands, and the insertion of the state and county would only serve the purpose

of identifying lands properly described by sections, townships and ranges. On the face of this deed there is no ambiguity apparent. The ambiguity lurks in the thing conveyed, and is brought to light by extrinsic facts disclosed in an effort to apply the description, and the uncertainty thus created may be removed, ordinarily, by evidence of the same character. In *Hanna* v. *Renfro*, 32 Miss., 125, the omission of state and county was held to be a latent ambiguity, and susceptible of explanation. In *Peacher* v. *Strauss*, 47 Miss., 353, the omission of state and county was held to create an ambiguity susceptible of explanation by parol evidence, the court, in its opinion, citing and following *Hanna* v. *Renfro*. In *Lewis* v. *Seibles*, 65 Miss., 251, the omission from the tax collector's deed of state and county was held to present no ambiguity at all, and this ruling went upon the presumption of performance of official duties by officers charged with the assessment and collection of taxes, as being sufficient to supply the state and county when omitted from a tax collector's deed. Looking beyond our own decisions, we find that it has several times been held by the supreme court of Michigan that the omission from a deed of state and county, where the land is described by section, township and range, is not void for uncertainty, and that extrinsic facts may be proved to apply the deed to the property sought to be conveyed. See *Mee* v. *Benedict*, 98 Mich., 260, and three other cases there cited. In 5 Brown (Kan.), 521, it was held that a deed was not void for uncertainty which failed to name state and county, and that parol evidence was admissible to identify the lands intended to have been conveyed.

The sound rule on the subject of ambiguities is well stated in the case of *Schlottman* v. *Hoffman*, 73 Miss., 188. After declaring that the ambiguity in the will in that case was a patent one, Cooper, C. J., said: "But it is not true that an ambiguity appearing on the face of the paper, if that alone be looked to, cannot be explained by parol, nor that all latent ambiguities may be. When the parol evidence if for the purpose of adding a material

term to an instrument, or when the court, having looked to the circumstances of the parties, the subject-matter of the instrument, and all proper collateral facts, remains uncertain as to what the meaning of the written words is, a patent ambiguity appears, which parol evidence cannot aid. 1 Greenl. on Ev., secs. 229–300." Now, applying this rule to the case in hand, and looking to the evidence offered on trial below in support of the deed, we see the circumstances of the parties, the subject-matter of the instrument, and the proper collateral facts, and, to our mind, no uncertainty as to the meaning of the written words in the deed remains.

*Affirmed.*