KNIGHTS TEMPLAR AND MASONS LIFE INDEMNITY COM-
PANY *v.* DUBOIS.

[No. 3,194.   Filed June 27, 1900.   Rehearing denied Jan. 3, 1901.]

INSURANCE.—*Complaint.—Exhibit.*—It is not necessary in an action
on an insurance policy to make the application a part of the com-
plaint.   *p. 39.*

EVIDENCE. — *Introduction.* — *Offer to Prove.* — In an appeal from a
judgment on an insurance policy the bill of exceptions shows that
the policy was "offered" in evidence, and no objection is shown to
have been made to its introduction.   At the close of the bill is the
statement, signed by the trial judge, "And this was all of the evi-
dence given in the cause."   Held, to show that the policy was
introduced in evidence.   *pp. 39, 40.*

From the Warrick Circuit Court.   *Affirmed.*

*F. E. Gavin, T. P. Davis* and *J. L. Gavin,* for appellant.
*S. B. Hatfield, J. A. Hemenway* and *F. H. Hatfield,* for
appellee.

HENLEY, J.—This action was commenced by appellee to
recover against appellant on a policy of insurance issued by
appellant on the life of one George M. Dubois, the husband
of appellee, which policy was payable to appellee at the
death of the insured.   A demurrer was filed to the complaint
and overruled.   Appellant then filed an answer in two para-
graphs.   To the affirmative answer appellee filed a general
denial.   The cause was submitted to a jury for trial, which
resulted in a verdict for appellee, and over appellant's mo-
tion for a new trial, the court rendered judgment upon the
verdict.

The errors assigned are (1) that the court erred in over-
ruling appellant's demurrer to the complaint; (2) that the
court erred in overruling appellant's motion for a new trial.
Under the first specification of the assignment of errors,
counsel for appellant urge that the complaint is insufficient
because a copy of the application is not filed with the com-
plaint.   A copy of the policy of insurance was filed with and

made a part of the complaint, and this, we think, was all that was necessary. It has been held in several cases by the Supreme Court of this State that it was not necessary in an action upon a policy of insurance to make the application a part of the complaint. This point was decided in the following cases: *Continental Ins. Co.* v. *Kessler,* 84 Ind. 310; *Penn, etc., Ins. Co.* v. *Wiler,* 100 Ind. 92, 50 Am. Rep. 769.

Under the second specification of the assignment of errors, counsel for appellant first discuss the sufficiency of the evidence to sustain the verdict. The action being founded upon a policy of insurance issued by appellant upon the life of one George M. Dubois, it was necessary that the policy of insurance should be introduced in evidence, and it is contended that the policy of insurance was not introduced in evidence; that all that was done by appellee upon the trial of said cause was to offer in evidence the policy of insurance, and that this offer was all that the record shows was done. The bill of exceptions shows the following: "Plaintiff offers the policy of insurance in evidence, which is marked plaintiff's exhibit A, and which reads as follows." Immediately following this offer there appears in the bill of exceptions a policy of insurance issued upon the life of George M. Dubois and payable at his death to the appellee, also the application and the medical examiner's report. It will be further noticed that no objection was made to the introduction of the policy of insurance in evidence. The bill of exceptions begins as follows: "Be it further remembered that on the trial of said cause the following evidence was introduced by the parties respectively, and the following offers to prove, the rulings of the court made thereon, and the objections and exceptions thereto were saved by the parties respectively, to wit." And at the close of the bill of exceptions is the following recital, which is signed by the judge of the trial court, "and this was all the evidence given in the cause." The objection made by counsel for appellant is extremely technical, and upon a casual

examination would seem to be supported by the authorities. But a careful examination of the cases cited shows that they are distinguishable from the case at bar, and that this case is in every respect similar to the case of *Harris* v. *Tomlinson,* 130 Ind. 426. In the case last cited, the bill of exceptions recites in its introductory clause that the plaintiff "to maintain the issue on his part and behalf introduced the following testimony." And in every instance the term "offered in evidence" is used where the term "introduced in evidence" should have been used; but at the close of the bill of exceptions was a statement that this was all the evidence given in the cause. The bill of exceptions also showed that in connection with each instrument given in evidence, the word "offered" appeared where the word "introduced" should have been used. But it was held by the court that inasmuch as the record affirmatively showed that all the evidence offered was introduced and constituted a part of that which the bill said was all the evidence given in the cause, that the bill was not fatally defective on that account. The facts as stated above are presented by the record in the case under consideration and they are distinguishable from the facts presented in the cases of *National Bank* v. *Lock,* 132 Ind. 424; *Peck* v. *Louisville, etc., R. Co.,* 101 Ind. 366; *Fellenzer* v. *Van Valzah,* 95 Ind. 128 and *Lyon* v. *Davis,* 111 Ind. 384.

Considering the policy of insurance as introduced in evidence, we must hold that there was evidence to sustain every material averment of appellee's complaint, and that the evidence was sufficient to sustain the verdict and judgment.

It is next objected by counsel for appellant that the court erred in giving to the jury certain instructions. We have carefully examined all the instructions, and, taken as a whole, they certainly present appellant's case in as favorable a light as the law will justify. Every statement of law contended for by appellant was in a pointed manner brought

to the attention of the jury. We very much doubt if the right result was reached by the court and jury in the trial of this cause, but the record does not present any reversible error. The judgment is therefore affirmed.