## MILLER *v.* MEADOWS.

[No. 10,066.   Filed November 18, 1919.]

1. APPEAL.—*Complaint.—Sufficiency.—Attack by Assignment of Error.—Review.*—An assignment of error attacking for the first time the sufficiency of the complaint presents no question.  p. 341.
2. APPEAL.—*Briefs.—Points and Authorities.*—An assignment of error not mentioned or discussed in that section of appellant's brief devoted to points and authorities, is waived.  p. 341.
3. TRIAL.—*Conclusions of Law.—Exceptions.—Effect.*—An exception to a conclusion of law that the same is erroneous, concedes the full and correct finding of the facts.  p. 341.
4. TAXATION.—*Tax Deed.—Regularity.—Burden of Proof.*—When a tax sale is relied upon to show title and the deed is not introduced in evidence, the burden is upon the holder to show the compliance with every step required by law to be taken, from the listing of the land for taxation to the delivery of the deed.  p. 342.

VOL. 71—22.

5. TAXATION.—*Tax Deed.*—*Title.*—*Prima Facie Evidence.*—*Lack of Required Signature.*—A tax deed not witnessed by the county treasurer is not *prima facie* evidence of title under §10380 Burns 1914, Acts 1891 p. 199, §206. p. 342.

6. EQUITY.—*Taxation.*—*School Fund Mortgage.*—*Auditor's Sales.*— *Action for Reconveyance.*—*Quiet Title.*—*Tender Before Suit.*—In an action for reconveyance of lands and to quiet the title thereto against the holder of deeds from the county auditor following sales to satisfy school fund loans and taxes, an offer by the plaintiff before suit to pay the full amount of taxes, penalty, interest and costs, and the full amount of principal, interest, penalties and costs paid out upon the school fund sale, was sufficient. p. 342.

From Monroe Circuit Court; *Robert W. Miers,* Judge.

Action by Sallie A. Meadows against Oscar G. Miller. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Robert C. Miller* and *James W. Blair,* for appellant. *Thomas J. Sare,* for appellee.

ENLOE, J.—This was an action by appellee against appellant, founded upon a complaint in two paragraphs. In the first paragraph she alleged that she was the owner of certain lands, and as such had theretofore borrowed money from the auditor of Monroe county and executed a school-fund mortgage thereon to secure payment of the same; that said auditor had, without warrant or authority of law, attempted to sell said lands so mortgaged to the appellant, and had executed a pretended deed of conveyance therefor; that said pretended deed was void, setting out specifically a number of reasons therefor; that she had tendered to the appellant the money paid by him for said land, and that he refused to receive the same, and that she had then paid said money to the auditor of

said county, in redemption from said pretended sale, and for the use and benefit of the appellant. She asked that a commissioner be appointed to reconvey said lands to herself, and for all proper relief. The second paragraph was an ordinary complaint to quiet title.

The appellant answered, first by general denial, and also by a second paragraph setting up said sale by said auditor to himself, also alleging the full payment of the purchase money therefor, and that he had purchased said lands at said sale to protect himself as the owner and holder of a tax title acquired by the purchase of said lands at a sale of lands for delinquent taxes, and for which lands, under said sale, he had received from the auditor of said county a tax deed, and that he had paid taxes thereon, etc. To this paragraph of answer appellee replied in general denial and also by an affirmative reply in one paragraph, to which paragraph of reply appellant unsuccessfully demurred. The appellant also filed a cross-complaint in three paragraphs, the first being the ordinary complaint to quiet title; the second alleging the sale of said lands for taxes, the purchase thereof by appellant, the receipt of a certificate of purchase therefor, the payment of subsequent taxes thereon, and the receipt and recording of a tax deed therefor from the auditor of Monroe county, and asking that his title thereto be quieted, or, in case said tax deed should be found to be illegal, that the sums of money paid by him, set out in said paragraph, should be decreed a lien upon said premises, etc. The third paragraph of cross-complaint alleged the former ownership of said lands by appellee, the execution of the mortgage to the auditor of Monroe county to se-

.cure the payment of money borrowed from the common school funds, the failure of appellant thereafter to pay the taxes assessed against said lands so that the same became delinquent, the sale thereof by the county treasurer on account of such delinquency, the purchase of said lands at such sale by appellant, the failure of appellee to redeem from such sale and the issuing to him of a tax deed therefor. It also alleged the payment of subsequent taxes and costs, in connection with said sale and the failure of appellee to pay the interest on said school-fund loan; that thereupon the auditor advertised said lands for sale, and, no person bidding on said lands at such sale, the said auditor bid in said lands, on account of said school fund; that thereafter he caused said lands to be appraised, as provided by law, and sold the same to cross-complainant for the sum of $200, that being the full amount of such appraisement, which sum was by appellant then paid to said auditor. The prayer asked that his title be quieted as against appellee, or, in case that it should be found that said sale of said lands by said auditor was invalid, that appellant be decreed a lien upon said lands for said amount, and for all proper relief.

To this cross-complaint the appellee answered in general denial. She also filed affirmative answers in one paragraph to each the second and third paragraphs of said cross-complaint, to which paragraphs of answer appellant replied in general denial, thus closing the issues.

The cause was submitted to the court for trial and, upon request duly made, the court found the facts specially and stated conclusions of law thereon, to which conclusions the appellant duly excepted. A de-

cree was thereupon entered, quieting appellee's title to said lands, and decreeing appellant to have a lien thereon for moneys expended.

Appellant then filed his motion for a new trial, which being overruled by the court, this appeal has been prosecuted.

The errors assigned and relied upon for a reversal are: (1) The complaint does not state facts sufficient to constitute a cause of action; (2) error in overruling demurrer to reply to second paragraph of appellant's answer; (3) error in conclusion of law No. 1; (4) error in conclusion of law No. 2; (5) error in conclusion of law No. 3; (6) error in overruling motion for new trial.

1-2. The first assigned error presents no question. *Riley* v. *First Trust Co., Admr.* (1917), 65 Ind. App. 577, 117 N. E. 675. The second assigned error has been waived by appellant by his failure to mention or in any way discuss the same under "Points and Authorities" in his brief.

3. An exception to a conclusion of law that the same is erroneous proceeds upon the theory that the facts upon which same was based were full and correct (*Ray* v. *Baker* [1905], 165 Ind. 74, 74 N. E. 619); and we therefore proceed to examine the facts found to determine whether they are sufficient to support the conclusions of law stated by the court.

The court found (finding No. 3) that in February, 1915, the appellant received from the auditor of Monroe county, Indiana, a tax deed for the real estate in question, which deed had been duly recorded. The appellant insists that under this finding his tax deed is *prima facie* evidence of a good and valid title in

fee simple in him as the grantee thereof; that the presumption is that the taxing officers have done their duty, and that the assessment was valid, and the burden of proving the invalidity of his deed was on the appellee. It is true that the statute, §10380 Burns 1914, Acts 1891 p. 199, §206, makes such deed, *as is therein provided for, prima facie* evidence of the regularity of the sale and of all prior proceedings therein, but the trouble in the instant case is that the tax deed relied upon by appellant was not offered in evidence, was not made an exhibit to any pleading, and nowhere appears in the record in this case.

The stipulation in the record and the finding of the court concerning said deed fall far short of showing such a deed as is by statute made *prima facie* evidence. There is no finding, nor is there any showing in the record, that said tax deed was witnessed by the county treasurer, and it was not, therefore, so far as disclosed by this record, *prima facie* evidence of title. *Green* v. *McGrew* (1905), 35 Ind. App. 104, 114, 72 N. E. 1049, 73 N. E. 832, 111 Am. St. 149, and authorities cited. The burden was therefore upon appellant to show that every step required by law to be taken, from the listing of the land for taxation to the delivery of the deed, had been regularly complied with. *Mattox* v. *Stevens* (1895), 140 Ind. 282, 39 N. E. 460. This burden appellant did not attempt to discharge.

Appellant complains that the conclusions of law are erroneous because no legal and valid tender was made to him of moneys expended, etc., prior to the bringing of this suit. This was not an action at law, but a suit in equity, and governed by the principles of equity. The trial court found

that before the filing of this suit the appellee had offered to pay to appellant the full amount of taxes, penalty, interest, and costs, and the full amount of principal, interest, penalties, and costs that he had paid out upon said school fund sale. Under this finding the appellee had certainly offered "to do equity" in the premises, and such offer was sufficient to entitle her, as to this point, to maintain her action. The conclusions of law are well sustained by the findings of fact.

Appellant in his motion for a new trial assigns seven reasons therefor, but only the first, second, fifth and sixth are proper assignments, and the others will not therefore be noticed.

The first reason urged is that the findings are not supported by sufficient evidence, but the appellant has waived all objections, except as to the fifth, sixth, seventh and tenth of said special findings. We have read the entire record, and there is ample evidence therein to sustain each of said special findings, under the rule as to the burden of proof hereinbefore announced.

The court did not err in overruling the motion for a new trial.

The judgment is affirmed.