ALLEN v. GILKISON.

[No. 10,929.   Filed June 29, 1921.]

1. APPEAL.—*Record.—Bill of Exceptions.—Filing.—Clerk's Certificate.*—Where the transcript of the evidence found in the record was followed immediately by the certificate of the trial judge, which certificate was sufficient in form to make the transcript a bill of exceptions, and then the transcript and certificate was followed by a certificate of the clerk reciting that the "foregoing original and long hand manuscript of the evidence," with the certificate of the judge attached, was filed in the clerk's office on a day named, the clerk's certificate sufficiently shows that the bill of exceptions was filed. p. 236.

2. APPEAL.—*Record.—Bill of Exceptions.—Filing.—How Shown.—Clerk's Certificate.*—The filing of a bill of exceptions containing the evidence may be shown by the certificate of the clerk of the trial court. p. 236.

3. APPEAL.—*Record.—Bill of Exceptions.—Validity.—Failure to Embrace Exhibits Not in Evidence.*—The failure to include within the bill of exceptions containing the evidence newspapers which were identified and marked as exhibits and from which short extracts were read and copied into the bill, but which papers were never actually introduced in evidence, is insufficient to show that the bill does not contain all the evidence. p. 237.

4. APPEAL.—*Record.—Bill of Exceptions.—Validity.—Incorporation of Exhibits Not in Evidence.*—The presence of exhibits, which were not introduced in evidence, within the bill of exceptions containing the evidence constitutes mere surplusage which in no way affects the validity of the bill. p. 237.

5. EXCEPTIONS, BILL OF.—*Bill of Exceptions Containing Evidence.—Matters Included.*—Where copies of documents which were introduced in evidence appeared in the bill of exceptions immediately after a statement that they were offered and read in evidence, and it appeared from the certificate of the trial judge that the bill contained all the evidence given in the cause, the contention that the bill does not contain such documents cannot be sustained. p. 237.

6. TAXATION.—*Tax Deeds.—Irregularity in Tax Sale.—Burden of Proof.—Statutes.*—In view of §10,380 Burns 1914, Acts 1891 p. 199, §206, making a tax deed *prima facie* evidence of a good and valid title in fee simple to the real estate described therein, the burden of proving any defects in the proceedings on which such a deed is based, which would render the deed void, rests on the party assailing the tax title. p. 237.

7. TAXATION.—*Tax Deed.—Validity.—Erroneous Recital as to Consideration.*—A recital in a tax deed that the land was sold to grantee for a certain sum, and that such sum was the amount due for taxes and costs, while the tax sale record shows that a larger amount was due and paid, does not render the tax deed invalid. p. 238.

8. TAXATION.—*Tax Deeds.—Description.—Amplifying Description Used in Sale Proceedings.*—Where the proceedings upon which a tax deed was based described the land sold as being in a certain township and range, but did not show whether the township was north or south or whether the range was east or west, the insertion of a more particular description of the township and range in the tax deed was unauthorized. p. 238.

9. TAXATION. — *Tax Deed Description. — Sufficiency. — Judicial Notice.—United States Surveys in State.—Boundaries of Counties.*—Although the description used in proceedings for the sale of land for taxes located the land in township 4, range 4, without designation whether the township was north or south or whether the range was east or west, a tax deed based on such proceedings and containing such description is not void for uncertainty of description, where the court judicially knows that there is only one township 4 and one range 4 in the county in which the land is located. p. 239.

10. EVIDENCE.—*Judicial Notice.—United States Survey in State. —Territorial Boundaries of Counties.*—The courts take judicial notice of the United States surveys of land within the state and of territorial boundaries of counties. p. 239.

11. TAXATION. — *Tax Sales. — Validity. — Proof of Compliance with Statutory Requirements.*—In order for a tax deed to be effective to convey title, it must appear that every step required

by law to be taken from the listing of the land for taxation to the delivery of the deed, has been regularly taken. p. 240.

12. TAXATION.—*Tax Deeds.—Validity.—Presumptions.—Statutes.* —That all legal requirements for the sale of land for taxes have been satisfied may be shown *prima facie* by the tax deed, as provided by §10,380 Burns 1914, Acts 1891 p. 199, making a tax deed *prima facie* evidence of the regularity of the sale and all prior proceedings, etc., but such showing may be rebutted by other evidence, and when this is successfully done the deed is ineffective to convey title. p. 240.

13. TAXATION.—*Tax Sales.—Validity.—Failure to Make Notice Part of Record.—Printing and Posting Notice.—Statutes.*—The failure of the county auditor to insert in his record, at the foot of the list of the lands and lots returned and remaining delinquent for taxes, a copy of the notice of the sale of such land, as required by §10,355 Burns 1914, Acts 1891 p. 199, and his failure to make the certificate on the record of the printing and posting of the notice as therein provided, renders the tax deed based upon such sale ineffective to convey title. p. 240.

14. EVIDENCE.—*Tax Sales.—Omissions from Record.—Parol Evidence.*—Where matters are required by law to appear of record in proceedings for the sale of land for taxes, the omission of such matters from the record cannot be supplied by parol or extrinsic evidence. p. 241.

From Martin Circuit Court; *James W. Ogdon*, Judge.

Action by Frank E. Gilkison against Lawrence L. Allen. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*J. B. Marshall* and *Robert L. Mellen*, for appellant.

*Hiram McCormick* and *Frank E. Gilkison*, for appellee.

BATMAN, J.—Action by appellee against appellant and others to quiet title to certain real estate in Martin county, Indiana. Appellant's answer consists of a general denial, and also an affirmative paragraph to which a reply in general denial was filed, after a demurrer thereto for want of facts had been overruled. The cause was submitted to the court for trial, resulting in

a judgment in favor of appellee, quieting his title to the real estate in question. Appellant filed a motion for a new trial which was overruled. This action of the court is made the basis of the only error properly assigned on appeal.

Appellee contends that there is no bill of exceptions containing the evidence in the record. He bases this contention on a claim, that the transcript of the

1. evidence bound with the record is not preceded by a sufficient statement to identify it as a bill of exceptions, and that the record does not disclose that the purported bill of exceptions containing the evidence was filed in the office of the clerk of the trial court. While the statement in question is brief in form, meager in substance, and not to be commended as a model, still we may not reject it as insufficient under the liberal rule announced as to what will suffice in that regard.

2. It is well settled that the filing of a bill of exceptions containing the evidence may be shown by the certificate of the clerk of the trial court.

1. *Howe* v. *White* (1904), 162 Ind. 74, 69 N. E. 684; *Graves* v. *Jenkins* (1915), 58 Ind. App. 500, 108 N. E. 531. In the instant case the transcript of the evidence found in the record is followed immediately by the certificate of the trial judge, sufficient in form to make the same a bill of exceptions. Immediately following this transcript and certificate is a certificate of the clerk of the trial court to the effect, that the "foregoing original long hand manuscript of the evidence," with the certificate of the judge attached, was filed in his office on August 23, 1920. While it would have been in better form to designate such manuscript and judge's certificate attached as a bill of exceptions, still they were as effectually filed as if so designated. *Oster* v. *Broe* (1902), 161 Ind. 113, 64 N. E. 918.

Appellee further contends, that even if the court should hold that the bill of exceptions in question has a sufficient introductory statement, and was

3. properly filed, still it cannot be considered in determining any question based on the evidence, as the record shows that it does not contain all the evidence. This contention is based on a claim, that certain documentary evidence introduced on the trial is not properly made a part of the bill of exceptions. As far as it relates to the six newspapers appearing between pages 51 and 52 of the record, it suffices to say that they were never introduced in evidence, although they were identified, marked exhibits, and short extracts from each were read, and copied into the bill. Their presence therefore constitute mere sur-

4. plusage, but the validity of the bill is not affected thereby. *Town of Lewisville* v. *Batson* (1902), 29 Ind. App. 21, 63 N. E. 861. Other documents

5. were introduced in evidence, copies of which appear in the bill of exceptions immediately after a statement that they were offered and read in evidence. This, taken in connection with the certificate of the trial judge, that the bill of exceptions contains all the evidence given in the cause, discloses that appellant's contention in so far as it relates to this evidence, is not well taken. *Knights Templar, etc., Co.* v. *Dubois* (1900), 26 Ind. App. 38, 57 N. E. 943.

One of the reasons on which appellant based his motion for a new trial is, that the decision of the court is not sustained by sufficient evidence. An exam-

6. ination of the record discloses that appellee's title to the real estate in question rests on a tax deed, executed to him by the auditor of Martin county, Indiana, in pursuance of a sale made in 1918. On the trial of the cause, appellee introduced his deed in evidence in support of the allegations of his complaint. By

the provisions of §10380 Burns 1914, Acts 1891 p. 199, §206, this deed constituted *prima facie* evidence of a good and valid title in fee simple in appellee to the real estate described therein. This being true, the burden of proving any defects in the proceedings on which it is based, that would render the deed void and thereby defeat appellee's title, rested on appellant. *Bivens* v. *Henderson* (1908), 42 Ind. App. 562, 86 N. E. 426; *Knotts* v. *Zeigler* (1914), 58 Ind. App. 503, 106 N. E. 393. Appellant, in his effort to show that he assumed and successfully maintained this burden, calls our attention to the fact that appellee's deed recites that said land was sold to him by the auditor of said county for "$48.24, being the amount due on the following tracts or lots of land returned delinquent in the name of Andrew W. Douglas for the nonpayment of taxes, costs and charges, for the years 1915, 1916 and 1917," while the tax sale record in evidence shows that the amount of such taxes, costs and charges, was $58.74. He asserts that this rendered appellee's deed invalid. In view of the fact that the tax sale record cited by appellant also shows, that said real estate was sold to appellee on the date named in said deed for $58.74, and that appellee paid said sum on said date to the proper officer therefor, we cannot hold that deed is rendered ineffective by the recital quoted above.

Appellant in further support of his contention that appellee's deed is not sufficient to convey title, cites the fact that while such deed describes the real estate as being in township 4 north, range 4 west, the proceedings on which said deed is based do not show whether such township is north or south, or whether such range is east or west. He insists that the addition of the words "north" and "west" in the description in the deed was unauthorized, and as the description without such unauthorized addition is in-

sufficient, the deed must be held to be invalid. We agree with appellant that the addition of the words indicated, to the description in the deed was unauthorized. *Green* v. *McGrew* (1904), 35 Ind. App. 104, 72 N. E. 1049.

But we do not agree that the description without 9, 10. such words is insufficient. The record discloses that the land in question is in Martin county, Indiana. If there were no direct evidence of that fact, it might be reasonably inferred from the facts shown. *Lewis* v. *Seibles* (1887), 65 Miss. 251, 7 Am. St. 649. We must take judicial notice of the United States surveys of land in this state, and of the territorial boundaries of counties. When we do this, we know that there is only one township 4 and one range 4 in said Martin county, which makes the township and range in which the land in question is located, definite and certain. *Buchanan* v. *Whithan* (1871), 36 Ind. 257; *Bannister* v. *Grassy, etc., Assn.* (1875), 52 Ind. 178; *Dawson* v. *James* (1878), 64 Ind. 162; *Burton* v. *Ferguson* (1880), 69 Ind. 486; *Wilcox* v. *Moudy* (1882), 82 Ind. 219; *Peck* v. *Sims* (1889), 120 Ind. 345, 22 N. E. 313; *Richardson* v. *Hedges* (1898), 150 Ind. 53, 49 N. E. 822; *Quinn* v. *Champagne* (1888), 38 Minn. 322, 37 N. W. 451; *Schmidt* v. *Powell* (1919), 107 Wash. 53, 180 Pac 892. We conclude that appellee's deed is not invalid for want of a sufficient description of the real estate in question.

The law governing the sale of real estate for the payment of delinquent taxes, provides that the county auditor shall make "a list of the lands and lots, returned and remaining delinquent for taxes," and for giving notice of such sale by publication and posting. It then provides as follows: "The county auditor shall, on or before the day of sale, insert at the foot of such list on his record a copy of such notice, and certify on said record immediately following such notice the manner

in which the same was posted, and the place where the same was posted, and for what length of time it was printed and posted." §§10354 and 10355 Burns 1914, Acts 1891 p. 199.

Appellant contends that the record discloses an absolute failure on the part of the auditor of said Martin county to comply with the requirement of the provision last quoted, and for that reason appellee's deed is ineffective to convey title. In this contention appellant must be sustained. It is well settled that in order for a tax deed to be effective to convey title, it must appear that every step required by law to be taken, from the listing of the land for taxation to the delivery of the deed, has been regularly taken. *Millikan* v. *Patterson* (1883), 91 Ind. 515; *Bowen* v. *Swander* (1889), 121 Ind. 164, 22 N. E. 725; *McCann* v. *Jean* (1893), 134 Ind. 518, 34 N. E. 316; *Shedd* v. *Disney* (1894), 139 Ind. 240, 38 N. E. 594; *Mattox* v. *Stevens* (1895), 140 Ind. 282, 39 N. E. 460. This may be shown *prima facie* by the tax deed itself, as provided by §10380 Burns 1914, Acts 1891 p. 199, but may be rebutted by other evidence, and when successfully done the deed will be held ineffective to convey title. *Sullenger* v. *Baecher* (1913), 55 Ind. App. 365, 101 N. E. 517, 102 N. E. 380. In the instant case the record discloses that the auditor failed to insert on his record, at the foot of the list of the lands and lots, returned and remaining delinquent for taxes, a copy of the notice of the sale of such lands and lots, as provided by said §10355, *supra,* and failed to make the certificate on said record as to the printing and posting of such notice as therein provided. In the light of the cases cited above, the effect of this omission on the part of the auditor of said county was to render appellee's deed ineffective to convey title. See also, *Dixon* v. *Thompson* (1912), 52 Ind.

App. 560, 98 N. E. 738; *Hypes* v. *Nelson* (1916), 63 Ind. App. 304, 114 N. E. 459; *Knotts* v. *Tuxbury* (1917), 69 Ind. App. 248, 117 N. E. 282; *Miller* v. *Meadows* (1919), 71 Ind. App. 337, 125 N. E. 50.

Appellee sought to avoid the effect of the auditor's failure to perform the statutory duties imposed on him, with reference to the matters stated above, by attempting to introduce extrinsic evidence as to the publication and posting of such notice. It is a general rule, applicable in cases of this kind, that where certain matters are by law required to be made to appear of record, or in an official document, an omission as to such matters cannot be supplied by parol or extrinsic evidence. 22 C. J. 1088; *Terre Haute, etc., R. Co.* v. *Town of Flora* (1902), 29 Ind. App. 442, 64 N. E. 648; *Town of Hardinsburg* v. *Mercer* (1916), 172 Ky. 661, 189 S. W. 1117; *Dunn* v. *City of Cadiz* (1910), 140 Ky. 217, 130 S. W. 1089; *Cook* v. *Manasquan* (1910), 80 N. J. Law 206, 76 Atl. 310. Under this rule the extrinsic evidence in question, if before the court, would have been unavailing. However if the facts, which the section of the statute cited requires to be a matter of record, could be established by parol or extrinsic evidence, still a reversal of the judgment would be necessary, as the contents of the notice claimed to have been given, are not disclosed by the record, and it does not appear that a copy of the same was attached to the auditor's record, as the statute requires. True, copies of a notice of a tax sale appear in the several newspapers bound with the record, but these cannot be considered a part thereof for the reasons herein before stated. The only copy of a notice of a tax sale, made a part of the bill of exceptions containing the evidence, is one attached to the auditor's tax sale record for the year 1918, but this notice pertains to a sale made in

1919, in which the land in question is not mentioned, and hence fails to establish any fact in support of appellee's deed.

For the reason stated we conclude that the decision of the court is not sustained by the evidence, and that error was committed in overruling appellant's motion for a new trial. Judgment is reversed with instructions to sustain said motion, and for further proceedings consistent with this opinion.